## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| Debtor 1 | Patricia | | Graves |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

Case Number
(If known) _____19-11659_____

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.    **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a)  This plan:   ☐ contains nonstandard provisions. See paragraph 15 below.
                        ☒ does not contain nonstandard provisions.

   (b)  This plan:   ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
                        ☐ does not value claim(s) that secures collateral.

   (c)  This plan:   ☒ seeks to avoid a lien or security interest. See paragraph 8 below.
                        ☐ does not seek to avoid a lien or security interest.

2.    **Plan Payments.**

   (a)  The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$125.00 biweekly** for the applicable commitment period of:

      ☐ 60 months; **or**

      ☒ a minimum of 36 months.  See 11 U.S.C. § 1325(b)(4).

      (If applicable include the following:  These plan payments will change to $_____ monthly on _____, 20____.)

   (b)  The payments under paragraph 2(a) shall be paid:

      ☒ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan.  Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

            ☒ Debtor 1 **100**%   ☐ Debtor 2 _____ %

      ☐ Direct to the Trustee for the following reason(s):

            ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
            ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

   (c)  Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3.   **Long-Term Debt Payments.**

   (a)  **Maintenance of Current Installment Payments.**  The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below.  Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable.  Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|----------|-----------|---------------------------|------------------------------------------------|--------------------------------------------------|-------------------------|
|          |           |                           |                                                |                                                  |                         |

   (b)  **Cure of Arrearage on Long-Term Debt**.  Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below.  Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|----------|---------------------------|---------------------------|-------------------------------|--------------------------------------------|
|          |                           |                           |                               |                                            |

4.   **Treatment of Claims.**  From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a)  **Trustee's Fees.**  The Trustee percentage fee as set by the United States Trustee.

   (b)  **Attorney's Fees.**  Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4500.00**.

   (c)  **Priority Claims.**  Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)  **Fully Secured Allowed Claims.**  All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|----------|---------------------------|-----------------|---------------|-----------------|
|          |                           |                 |               |                 |

   (e)  **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).**  The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

GASB – Form 113 [Rev. 12/1/17]

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|----------|---------------------------|-----------------|---------------|-----------------|
|          |                           |                 |               |                 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|----------|---------------------------|----------------------------|---------------|-----------------|
| Jefferson Capital Systems | vehicle | 1,000.00 | 5% | 20.00 |
| Fka Discount Automotive |  |  |  |  |
| Equity Auto/Instaloan | Personal property/vehicle | 1.00 | 0% | 1.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00** % dividend or a pro rata share of $ _____ , whichever is greater.

5.    **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|----------|-----------------------------------------------|-------------------|-----------------|-----------------------------------|
| Progressive Leasing | furnishings | rejected |  |  |
| Robert Magruder | Residential lease | assume | Contract rate | Debtor |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|----------|---------------------|
|          |                     |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee.

CREDITOR                                    ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

CLAIMANT                                    ADDRESS

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| Solomon Varnado | | Judgment liens |
| EquityAuto/Instaloan | | Personal property |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

CREDITOR                    DESCRIPTION OF COLLATERAL                    AMOUNT OF CLAIM SATISFIED

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by

11 U.S.C § 1325(a)(5).

11.   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12.   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.   **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.   **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

---

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: 12\17\19

_____
*Debtor 1*

_____
*Debtor 2*

s/Angela McElroy-Magruder
*Attorney for the Debtor(s)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

IN RE: )

Patricia Graves )

                                   **Ch 13 Case No. 19-11659**

         **DEBTOR (S)** )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing Chapter 13 Plan and Motion by placing same in the United States mail with proper postage affixed thereon to insure delivery, addressed as follows:

### SEE ATTACHED MATRIX

I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution:

NA

In hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

Huon Le
notices@chp13aug.org

Office of the U.S. Trustee
Ustpregion21.sv.ecf@usdoj.gov

This 17th day of December, 2019.

                                       S/ Angela McElroy-Magruder
                                       Angela McElroy-Magruder
                                       Georgia Bar # 113625
                                       Attorney for Debtor

Angela McElroy-Magruder
Claeys, McElroy-Magruder & Kitchens
512 Telfair Street
Augusta, Georgia 30901
(706) 724-6000

Label Matrix for local noticing
113J-1
Case 19-11659-SDB
Southern District of Georgia
Augusta
Tue Dec 17 16:48:35 EST 2019

AU Health
PO Box 2306
Augusta, Georgia 30903-2306

Augusta Collection Agency
PO Box 14938
Augusta, Georgia 30919-0938

Brown & Radiology
PO Box 3845
Augusta, Georgia 30914-3845

(p)CREDIT PROTECTION ASSOCIATION LP
PARKWAY CENTER V
2500 DALLAS PARKWAY SUTIE 500
PLANO TX 75093-4867

Equity Auto/Instaloan
Attn: Servicing Agent/Officer
3811 Washington Road
Martinez, Ga 30907-2371

GA Health Sciences Med Ctr
PO Box 100176
Atlanta, Georgia 30384-0176

Patricia Graves
1506 Koger Street
Augusta, GA 30904-6002

Internal Revenue Service
PO Box 7346
Philadephia, Pennsylvania 19101-7346

Jefferson Capital Systems
Attn: Servicing Agent/Officer
PO Box 772813
Chicago, IL 60677-0113

Lanier
PO Box 15519
Savannah, Georgia 31416-2219

Huon Le
P.O. Box 2127
Augusta, GA 30903-2127

Angela McElroy-Magruder
Claeys, McElroy-Magruder & Kitchens
512 Telfair Street
Augusta, GA 30901-2310

Merchants Credit Bureau
PO Box 1588
Augusta, Georgia 30903-1588

Midland Funding
2365 Northside Drive 300
San Diego, California 92108-2709

NPRTO Georgia
256 W Data Drive
Draper, UT 84020-2315

Nationwide Recovers
PO Box 8005
Cleveland, Ohio 37320-8005

Nationwide Recovery
PO Box 8005
Cleveland, Ohio 37320-8005

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

Orthopaedic Associates
811 13th Street
Ste 20
Augusta, Ga 30901-2668

PASI
PO Box 188
Brentwood, TN 37024-0188

Peak Rehab Fitness
1305 Dantignac Street
Augusta, GA 30901-2774

Porania
c/o Tyteco LLC
PO Box 35183
Seattle, WA 98124-5183

Progressive Leasing
256 West Data Drive
Draper, Utah 84020-2315

Quantum3 Group
c/o Crown Asset Mgmt
PO Box 788
Kirkland, WA 98083-0788

Roosevelt Magruder
2356 Naples Drive
Augusta, GA 30906-4083

Solomon Varnado
Attn: Servicing Agent/Officer
2454 Windsor Spring Road
Augusta, GA 30906-4646

Suntrust
PO Box 26150
VA RVW 9394
Richmond, VA 23260-6150

Transworld Systems
2235 Mercury Way
ste 275
Santa Rosa, CA 95407-5463

Trinity
101 Paramount Drive
Ste 320
Sarasota, FL 34232-6044

Trinity
PO box 100808
Atlanta, Georgia 30384-0808

Trinity Hospital
c/o PASI
PO Box 188
Brentwood, TN 37024-0188

United States Attorney
PO Box 2017
Augusta, Georgia 30903-2017

University Health
620 13th Street
Augusta, Georgia 30901-1008

University Hospital
PO Box 2345
Augusta, Georgia 30903-2345

WOW
1241 OG Skinner Drive
West Point, Georgia 31833-1789

Wilkes County Tax Comm
23 Court Street
RM 204
Washington, GA 30673-1593

Wrightsboro Emerg Group
PO Box 731584
Dallas, TX 75373-1584

fka Discount Automotive
1532 Gordon Hwy
Augusta, GA 30906-2006

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Credit Protection
13355 Noel Road
Ste 2100
Dallas , TX 75240

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Lanier
Post Office Box 15519
Savannah, Georgia 31416-2219

End of Label Matrix
Mailable recipients     38
Bypassed recipients      1
Total                   39